# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHARLES R. HAEUSER,<br><br>                         Plaintiff,<br><br>v.<br><br>VILLAGE OF CALEDONIA, CITY OF RACINE, STATE OF WISCONSIN, TONY EVERS, JOSH KAUL, VILLAGE OF CALEDONIA POLICE DEPARTMENT and DETECTIVE ZOLTAK,<br><br>                         Defendants. | Case No. 21-CV-1337-JPS<br><br>**ORDER** |

      Plaintiff Charles R. Haeuser, proceeding pro se, filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1, #2). In order to allow a plaintiff to proceed without paying the $402 filing fee, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. § 1915(a), (e)(2)(B). The Court must dismiss the action if it is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

1. **MOTION TO PROCEED IN FORMA PAUPERIS**

      The privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Thus, although Plaintiff need not show that he is completely

destitute, he must provide a picture of his overall economic standing that sheds light on whether it would be "economically unfair" to require payment of the filing fee. *See Zaun v. Dobbin*, 628 F.2d 990, 992–93 (7th Cir. 1980).

Plaintiff avers that he is unemployed, but he is married and his spouse is employed. (Docket #2 at 1). He states that his total monthly wages or salary is $616.27. (*Id.* at 2). When asked for his spouse's total monthly pages or salary, he stated $57,000—the Court presumes this is an annual salary, which would break down to approximately $3,500 per month. (*Id.* at 2). He explains that his total monthly expenses consist of $613, which does not account for the $1,100 per month mortgage payment or a $200 per month credit card payment. (*Id.* at 2–3). He does not own a car, but he owns a house worth approximately $202,000, in which he has approximately $30,000 in equity. (*Id.* at 3). It seems that he has overdrawn his bank account by $43 and has no other assets. (*Id.*) Under "other circumstances," Plaintiff alleges that he has been "deprived . . . of the rights to his home, and to contact with his family under color of law." (*Id.* at 4). These allegations are not clear.

If Plaintiff and his spouse are separated and he does not benefit from her monthly income or her mortgage payments, he should clearly state that in the "other circumstances" section. As written, based on his spouse's income, it appears that Plaintiff *does* have the means to pay the $402 filing fee. However, because the Court will dismiss this action for the reasons explained below, it will not afford Plaintiff leave to resubmit a request to proceed *in forma pauperis*.

## 2. COMPLAINT SCREENING

When a plaintiff requests leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to

raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

## 3. RELEVANT ALLEGATIONS

The Court gleans from Plaintiff's complaint that he alleges a vast conspiracy regarding COVID-19. He believes that the state of Wisconsin has failed to protect him, and other citizens, from "massive fraud." He claims that "[n]o form of repeatable, credible scientific samples or studies exist confirming SARS-COV-2/2019-nCoV(COVID-19) as the single source of any infection, or death, of ANYONE, ANYWHERE EVER." (Docket #1 at 3). Plaintiff also claims that he was assaulted, kidnapped, and coerced during a national emergency. (*Id.*)

As to this last allegation, it seems that, in August 2021, Plaintiff was charged for disorderly conduct, domestic abuse, and resisting an officer. *See* (Docket #1-1 at 4–6) (criminal complaint). According to the criminal complaint, which he has attached to his civil complaint, Plaintiff was "being belligerent and acting out of control about his children having to wear masks due to COVID." (Docket #1-1 at 5). Eventually, his wife called the police. *Id.* The police officer who reported to the scene, Detective Zoltak ("Zoltak"), heard Plaintiff yelling. (*Id.*) When Plaintiff realized that his wife had called the police, his aggression turned to Zoltak. Zoltak ultimately tased Plaintiff. (*Id.* at 6). In so doing, Plaintiff alleges that Zoltak, "and coconspirators," violated his First, Fourth, Fifth, and Fourteenth Amendment rights "and by his own hand to his treason against plaintiff of his disdain for the constitution" attempted to "silence" him. (*Id.*) He does not say who these co-conspirators are. Plaintiff's wife told Zoltak that her husband had "lost his mind over COVID and the vaccine." (*Id.*) She described his recent erratic and violent statements and behaviors, including

that he allegedly threatened the coach of his son's football team for requiring masks. (*Id.*)

**4. ANALYSIS**

While a court cannot dismiss a claim simply because it finds the allegations "unlikely," it is well within its authority to dismiss claims that are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32–33 (internal citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Plaintiff's complaint is entirely frivolous.[1] His allegations are not merely strange or difficult to parse. Plaintiff's stream-of-conscious, fanciful notions of a COVID-19 conspiracy theory are, without question, not worth the Court's time or resources. Courts across the country are becoming extremely weary of submissions like this. *See e.g.*, *King v. Whitmer*, 2021 WL 3771875 (E.D. Mich. Aug. 25, 2021). The third branch of government is ill-equipped to address citizens' disaffections that are predicated on an alternative view of reality.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

---

[1]To the extent that Plaintiff attempts to claim that his rights were violated during his arrest, he has not explained how. Moreover, the Court notes that pursuant to the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), Plaintiff's claims would be barred if they implied the invalidity of a criminal conviction or sentence.

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of November, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge